IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION


VASHAUN E. HUMPHREY                                        PETITIONER


vs.            Civil Case No. 2:08CV00034 HLJ


T.C. OUTLAW, Warden,
FCI, Forrest City, Arkansas                               RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United
States District Court Judge Brian S. Miller.  Any party may serve
and file written objections to this recommendation.  Objections
should be specific and should include the factual or legal basis
for the objection.  If the objection is to a factual finding,
specifically identify that finding and the evidence that supports
your objection.  An original and one copy of your objections must
be received in the office of the United States District Court Clerk
no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.
Failure to file timely objections may result in waiver of the right
to appeal questions of fact.

If you are objecting to the recommendation and also desire to
submit new, different, or additional evidence, and to have a
hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

The court need not set forth Petitioner's allegations in this petition, which has been filed under 28 U.S.C. § 2241. In a similar lawsuit filed under 42 U.S.C. § 1983 in the Western District of Arkansas, the Magistrate Judge, the Hon. James R. Marschewski, described the complaint as an in rem proceeding, containing "many Egyptian hieroglyphics and other symbols drawn or copied." Humphrey v. Judgment of Commitment-Unvoulantary (sic)

Agreement, No. 07-2109 (W.D.Ark Nov. 28, 2007), p. 1 (Respondent's Exhibit 4).   In that case, the court held the allegations were subject to dismissal as claims arising under admiralty or maritime law, rather than § 2241, and dismissed the complaint prior to service as "irrational, incomprehensible and clearly baseless" under Denton v. Hernandez, 504 U.S. 25 (1992), and Neitzke v. Williams, 490 U.S. 319, 325-28 (1989).

In Neitzke, the Court recognized that 28 U.S.C. § 1915(d), authorizes courts to dismiss an in forma pauperis complaint if "the action is frivolous or malicious," but it held also that judges have the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or allegations "describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.   Neitzke v. Williams, 490 U.S. 319, 327-328 (1989).   In Hernandez, the Court held that the initial assessment must be weighted in a plaintiff's favor, but that dismissal was appropriate in such cases whether or not there are judicially noticeable facts available to contradict the factual allegations, but that a court should not exercise this authority simply because the court finds the allegations unlikely. Hernandez, 504 U.S. at 32-33.

Were Petitioner in this case proceeding in forma pauperis, this petition would be subject to dismissal as clearly baseless

allegations describing fantastic or delusional scenarios. Since Petitioner has paid the filing fee, however, § 1915 does not apply. Section 2241 provides relief for inmates in federal custody in violation of the Constitution or laws or treaties of the United States. Petitioner's allegations do not state a claim for relief under this statute.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 6th day of May, 2008.

_Henry L. Jones, Jr._

United States Magistrate Judge